UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL J. TISSIERA,

        Plaintiff,

   v.               9:18-CV-0942
                     (GLS/ATB)

JOHN DOE et al.,

        Defendants.
_____

APPEARANCES:

MICHAEL J. TISSIERA
14-A-3241
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Michael Tissiera commenced this action pro se by filing a civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl.").[1] By Decision and Order of this Court filed November 16, 2018, the Court found, following review of the complaint in accordance with 28 U.S.C. § 1915A(b), that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 14 (the "November 2018

---

[1] Plaintiff paid the full $400.00 filing fee amount after the Court denied plaintiff's applications to proceed in forma pauperis. See Dkt. Nos. 5, 12.

Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. Presently before this Court is plaintiff's amended complaint. Dkt. No. 15 ("Am. Compl.").

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the November 2018 Order and it will not be restated in this Decision and Order. *See* November 2018 Order at 2-3.

In the original complaint, plaintiff alleged that defendant John Doe, a dentist from Riverview Correctional Facility, cut plaintiff's tooth under the gum line instead of extracting it during a surgical procedure performed between "the beginning of 1997 and around [the] summer of 1998[,]" which caused plaintiff to experience "unwanted pain and suffering" for more than eighteen years. Compl. at 3-4. Plaintiff further alleged that he did not discover this wrongdoing until October 2015, when he suffered an infection in his mouth and had the roots of his cut tooth extracted. *Id*.

The Court liberally construed the complaint to allege an Eighth Amendment medical indifference claim, which plaintiff asserted against defendant John Doe, as well as the State of New York and Riverview Correctional Facility. *See* November 2018 Order at 4. The Court dismissed plaintiff's claims against the State of New York and Riverview Correctional Facility with prejudice on Eleventh Amendment immunity grounds, and dismissed plaintiff's claim against defendant John Doe without prejudice because the complaint against him appeared to be untimely. *See id*. at 10.

Plaintiff has submitted an amended complaint which re-asserts an Eighth Amendment claim against only defendant John Doe. *See* Am. Compl. Plaintiff's allegations are similar to

2

those made in the original complaint, except that plaintiff now alleges that the statute of limitations on his claim should be equitably tolled because defendant John Doe lied to plaintiff about the cause of his pain and suffering following the surgical procedure, and deceived plaintiff into believing that his pain would go away if he took Ibuprofen for three months. *Id*. at 2. Plaintiff further alleges that he "went to emergency rooms and [a] dentist" for eighteen years following the surgical procedure, and nobody was able to "find the reason for [his] pain," which was not discovered until October 15, 2015. *Id*.

Under the doctrine of equitable tolling, "when a defendant fraudulently conceals the wrong, the time [limit of the statute of limitations] does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995) (brackets in original). "To invoke the doctrine of fraudulent concealment properly [for purposes of seeking an equitable tolling of the statute of limitations], a plaintiff must establish three elements, including (1) wrongful concealment by defendants [of their actions,] (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *Richard v. LeClaire*, No. 9:15-CV-0006 (BSK/TWD), 2017 WL 4349381, at *2 (N.D.N.Y. Sept. 29, 2017) (quoting *N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 278 (S.D.N.Y. 2013)); *Daniel v. Safir*, 175 F. Supp. 2d 474, 480 (E.D.N.Y. 2001) ("A plaintiff seeking equitable tolling of a limitations period must demonstrate that defendants engaged in a fraud which precluded him from discovering the harms he suffered or the information he needed to file a complaint."). "The elements of fraudulent concealment must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure." *Hodges v. Glenholme School*, 713 Fed. App'x. 49,

2017 WL 5495513, at *2 (2d Cir. Nov. 16, 2017) (summary order); *accord Koch v. Christie's International PLC*, 785 F. Supp. 2d 105, 116 (S.D.N.Y. 2011) ("a plaintiff attempting to apply fraudulent concealment must 'plead each of [the three elements of equitable tolling] with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.'") (quoting *National Group for Communications and Computers LTD. v. Lucent Technologies, Inc.*, 420 F. Supp. 2d 253, 265 (S.D.N.Y. 2006)).

The Second Circuit has made clear that, "as a matter of fairness", the equitable tolling doctrine should only be applied "where a plaintiff has been 'prevented in some extraordinary way from exercising [her] rights[.]'" *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985), and noting that it was "made . . . clear [in that decision] that [the Second Circuit] had in mind a situation where a plaintiff 'could show that it would have been *impossible* for a reasonably prudent person to learn' about his or her cause of action." (emphasis in original)); *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (noting that courts apply equitable tolling only in "rare and exceptional circumstances" (citation and internal quotation marks omitted)). "New York does not toll the limitations period for most prisoners' lawsuits . . . [n]or is the statute of limitations tolled [simply] because plaintiff is a pro se litigant." *Fairley v. Collins*, No. 09-CV-6894, 2011 WL 1002422, at *5 (S.D.N.Y. Mar. 15, 2011) (quoting *Irizarry v. Whittel*, No. 01-CV-10735, 2002 WL 31760240, at *3 (S.D.N.Y. Dec. 9, 2002)).

Equitable tolling does not apply where the allegedly concealed information is "not necessary for plaintiff to acquire actual knowledge of the facts that form the basis for his cause of action." *Irizarry*, 2002 WL 31760240, at *3 (noting that "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that forms the

4

basis of the action" (citing *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)); *Pearl*, 296 F.3d at 85 ("Although the police officers' allegedly false testimony in Pearl's two criminal trials and in the depositions for his state court suit undoubtedly induced Pearl and his mother to settle that suit for a modest sum, the facts of the episode, as he now alleges them to be, were fully known to Pearl in 1967. What he has now . . . is more persuasive evidence, not newly developed awareness of a previously concealed cause of action.").

Here, based on plaintiff's own allegations, immediately following the surgical procedure performed by defendant John Doe between "the s[p]ring of 1997 and 1998," he was aware of an actual injury in his mouth. Am. Compl. at 1. Indeed, plaintiff alleges that immediately after the surgical procedure, he "fe[lt] something sharp inside the hole [where his tooth was purportedly extracted,]" and a few weeks later, he signed up for sick call because he continued to experience pain in that area of his mouth. *Id*. While plaintiff alleges that defendant John Doe prescribed him Ibuprofen for three months, and told him that the pain would linger "for a little while," *see* Am. Compl. at 1-2, plaintiff does not allege that defendant John Doe took any steps after the expiration of this three month period to conceal plaintiff's pain or prevent him from commencing an action. In addition, plaintiff alleges — albeit in conclusory fashion — that he sought medical treatment for eighteen years following the surgical procedure because he continued to experience pain. Thus, by plaintiff's own allegations, he was aware, at the very latest when he continued to experience pain in his mouth after the three-month prescription of Ibuprofen ended, that he suffered an injury caused by the surgical procedure. The fact that plaintiff did not become aware of the exact reason for his discomfort until sometime within the limitations period does not create a basis for tolling or extending the limitations period from the middle of 1998 until October 2015. *See*

5

*Pearl*, 296 F.3d at 85; *Curtis v. Williams*, No. 11-CV-1186, 2013 WL 1915447, at *8 (S.D.N.Y. May 9, 2013) (rejecting the plaintiff's argument that his Eighth Amendment claim did not accrue until he received his MRI results and "was informed of the misdiagnosis and need for reconstructive surgery[.]"); *Ruso v. Morrison*, 695 F. Supp. 2d 33, 46 (S.D.N.Y. 2010) ("Evidence that the plaintiff 'was the victim of fraud, misrepresentations, or deception' alone is insufficient unless the plaintiff demonstrates that 'those circumstances prevented him from timely filing his complaint.'" (quoting *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007)). Similarly, the fact that other medical professionals between 1998 and 2015 may have failed to diagnose the cause of plaintiff's discomfort does not create a basis for tolling or extending the statute of limitations on plaintiff's claim against defendant John Doe.

Based on the foregoing, even assuming that plaintiff's new allegations plausibly suggest that defendant John Doe concealed the basis for plaintiff's discomfort following his surgery in 1997 or 1998, the amended complaint is devoid of any non-conclusory allegations which plausibly suggest that the alleged concealment prevented plaintiff from discovering, within the limitations period, that he suffered an injury as a result of the surgical procedure. Accordingly, and because plaintiff has already had one opportunity to amend his complaint, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[2]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED**

---

[2] Although plaintiff's federal constitutional claim is dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

**with prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[3] The Clerk is directed to terminate defendant John Doe and close this case; and it is further

    **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

January 11, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[3] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).